AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Northern District of Oklahoma

FILED
AUG 11 2023
Mark C. McCartt, Clerk
U.S. DISTRICT COURT

| United States of America | ) |
|---|---|
| v. | ) |
|  | ) Case No. 23-MJ-430 PJC |
| Brayden Kent Bull | ) |
|  | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __April 1, 2021 to November 18, 2021__ in the county of __Rogers__ in the Northern District of Oklahoma, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 2252(a)(4)(A) and 2252(b)(2) | Possession of Child Pornography in Indian Country |
| 18 U.S.C. §§ 1151, 1153, and 2241(c) | Aggravated Sexual Abuse of a Minor under 12 years of Age in Indian Country |
| 18 U.S.C. §§ 2251(a) and 2251(e) | Production of Child Pornography |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_Complainant's signature_

Dustin Carder, Special Agent, HSI
_Printed name and title_

Sworn to before me by phone.

Date: 8/11/23

_Judge's signature_

City and state: Tulsa, OK

~~Jodi F. Jayne~~, United States Magistrate Judge
_Printed name and title_

Paul J. Cleary
U.S. Magistrate Judge
333 W. 4th Street
Room 3355 U.S. Courthouse
Tulsa, OK 74103

## AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT IN THE NORTHERN DISTRICT OF OKLAHOMA

I, Dustin Carder, being duly sworn under oath, do hereby depose and state:

### INTRODUCTION

1. I have been employed as a Special Agent ("SA") with Homeland Security Investigations ("HSI") since December 2018. I am currently assigned to the Office of the Resident Agent in Charge in Tulsa, Oklahoma, and am currently assigned to investigate crimes involving child exploitation. While employed by HSI, I have investigated federal criminal violations related to child exploitation and child pornography. I have gained experience through training at the Federal Law Enforcement Training Center's (FLETC) twelve-week 'Criminal Investigator Training Program (CITP) and the sixteen-week Homeland Security Investigations Special Agent Training (HSISAT) program, and everyday work relating to conducting these types of investigations. I have received training in the area of child pornography and child exploitation and have observed and reviewed numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media including computer media. I have received focused child exploitation training covering topics such as: interview techniques, live streaming investigations, undercover investigations, capturing digital evidence, transnational child sex offenders, and mobile messaging platforms utilized by these types of offenders. Moreover, I am a federal law enforcement officer who is engaged in enforcing the

1

criminal laws, including 18 U.S.C. §§ 2251, 2252, and 2252(a), and I am authorized by law to request a search warrant.

2. As part of my duties as an HSI agent, I investigate criminal violations relating to child pornography, including the production, transportation, distribution, receipt, and possession of child pornography, in violation of 18 U.S.C. §§ 2251, 2252, and 2252A. I have received training in the areas of child pornography and child exploitation and have observed and reviewed numerous examples of child pornography, as defined in 18 U.S.C. § 2256, in all forms of media. I have been involved in several child pornography investigations and am familiar with the tactics used by individuals who collect and distribute child pornographic material.

3. It is my belief that Brayden Kent BULL (DOB: \*\*/\*\*/1998), an Indian, has violated 18 U.S.C. §§ 2252(a)(4)(A) & 2252(b)(2) (possession of child pornography in Indian country), 18 U.S.C. §§ 1151, 1153, & 2241(c) (aggravated sexual abuse of a minor under 12 years of age in Indian country); and 18 U.S.C. §§ 2251(a) & 2251(e) (production of child pornography).

4. Title 18, United States Code, Section 2252(a)(4)(A) states that "Any person who in the special maritime and territorial jurisdiction of the United States, or on any land or building owned by, leased to, or otherwise used by or under the control of the Government of the United States, or in the Indian country as defined in section 1151 of this title, knowingly possesses, or knowingly accesses with intent to view, 1 or more books, magazines, periodicals, films, video tapes,

or other matter which contain any visual depiction if the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct, and such visual depiction is of such conduct; shall be punished as provided in subsection (b) of this section."

5. Title 18, United States Code, Section 2241(c) states that "Whoever ... in the special maritime and territorial jurisdiction of the United States ... knowingly engages in a sexual act with another person who has not attained the age of 12 years ... or attempts to do so, shall be fined under this title and imprisoned for not less than 30 years or for life." For the purposes of that section, a "sexual act" is defined in Title 18, United States Code, Section 2246(2)(C) as "the penetration, however slight, of the anal or genital opening of another by a hand or finger or by and object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person."

6. Title 18, United States Code, Section 2251(a) states that "Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e), if such person knows

or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed."

### Background of NCMEC and the CyberTipline Program

7.   The National Center for Missing & Exploited Children (NCMEC) was incorporated in 1984 by child advocates as a private, non-profit 501(c)(3) organization to serve as a national clearinghouse and resource center for families, victims, private organizations, law enforcement, and the public on missing and sexually exploited child issues. To further the mission to help find missing children, reduce child sexual exploitation, and prevent future victimization, NCMEC operates the CyberTipline and Child Victim Identification Program. NCMEC makes information submitted to the CyberTipline and Child Victim Identification Program available to law enforcement and also uses this information to help identify trends and create child safety and prevention messages. As a clearinghouse, NCMEC also works with Electronic Service Providers (ESPs), law enforcement and the public in a combined effort to reduce

online child sexual abuse images. NCMEC performs its programs of work pursuant to its own private mission and independent business operations. NCMEC does not act in the capacity of or under the direction or control of the government or law enforcement agencies. NCMEC does not investigate and cannot verify the accuracy of the information submitted by reporting parties.

8. NCMEC's CyberTipline is the nation's centralized reporting system for the online exploitation of children. The public and ESPs can make reports of suspected online enticement of children for sexual acts, child sexual molestation, child sex abuse material, child sex tourism, child sex trafficking, unsolicited obscene materials sent to a child, misleading domain names, and misleading words or digital images on the internet. CyberTipline Reports (CyberTips) are distributed by NCMEC analysts to law enforcement agencies who may have legal jurisdiction in the place that victims and suspects are believed to be located based on information provided in the CyberTips.

**The source of my information and grounds for my beliefs are as follows:**

9. At all times relevant to this complaint, Brayden Kent BULL (DOB: xx/xx/1998), is a member by blood of the Navajo Nation, a federally recognized Indian tribe.

10. On April 1, 2021, Rogers County Sheriff's Office (RCSO) Lieutenant/HSI Task Force Officer (TFO) John Haning received three NCMEC CyberTips from the Oklahoma State Bureau of Investigations' (OSBI) Internet

Crimes Against Children (ICAC) Taskforce. OSBI operates and manages the State's ICAC Taskforce and receives/disseminates the NCMEC CyberTips to the appropriate investigative agency within the State. The three CyberTips Haning received originated from Snapchat.[1] These CyberTips contained child pornography. One of the CyberTips Haning received showed a pre-pubescent child under the age of 12 years old with a male penis in his mouth and an image of a child under the age of 12 years old engaged in a sex act.

11.   The CyberTips included the usernames, date of births, email addresses, and the Internet Protocol (IP) address associated with the accounts. Email addresses associated with the accounts included: taylorhaley.t09@gmail.com, braybull@gmail.com, and tefftbob@gmail.com, respectively.

12.   The account associated with email address taylorhaley.t09@gmail.com included a date of birth of 03/11/1995. That account had an image depicting what appears to be a pre-pubescent male child with a penis in his mouth. I know from my training and experience this would constitute child sexual abuse material or child pornography.

---

[1] Snapchat is an American multimedia instant messaging app and service developed by Snap Inc., originally Snapchat Inc. One of the principal features of Snapchat is that pictures and messages are usually only available for a short time before they become inaccessible to their recipients. Users can send and receive text messages, images, audio and video clips within the application.

13. The account associated with email address braybull@gmail.com included a date of birth of 03/11/1998. That account had an image depicting what appears to be a pre-pubescent child engaged in a sex act.

14. The account associated with email address tefftbob@gmail.com included a date of birth of 03/12/1997. That account had an image depicting what appears to be a pre-pubescent child engaged in a sex act.

15. All three accounts were linked with the same IP address, 108.254.139.146. HSI sent a subpoena to AT&T to acquire account holder information for the IP address 108.254.139.146.

16. On May 26, 2021, Haning received a response from AT&T, which provided a residential address associated with the IP address for the three accounts. The residential address associated with the IP address was 808 W 23rd Street N, Claremore, Oklahoma 74017, which is located in the Cherokee Nation and in the Northern District of Oklahoma. The IP address's account holder was Evelyn Bull. At Haning's request, a RCSO Investigator began researching the occupants of the house. That research revealed that Brayden BULL resided at the house with a date of birth of xx/xx/1998. That date of birth corresponded with the Snapchat Account associated with the email, braybull@gmail.com. The subscriber information from AT&T associated the IP address with the three emails listed in Paragraph 11.

17. On November 18, 2021, Haning, along with RCSO Investigators served a Cherokee Nation Tribal search warrant at 808 W 23rd Street N, Claremore, OK 74017. Pursuant to the search warrant, RCSO seized multiple electronic devices, including a red Apple iPhone cell phone, a purple Apple iPhone cell phone, an Apple watch, and a black Samsung Galaxy S7 Edge cell phone. BULL was arrested on tribal charges and transported to the RCSO jail.

18. During a post-Miranda interview with Haning, BULL acknowledged that he was addicted to child porn and is currently on probation for possession of child pornography in Rogers County. BULL confirmed that the three Snapchat accounts from the CyberTips were BULL's. BULL also confirmed that he used several different email addresses. BULL stated that when one account was closed, he would open another account. BULL admitted that he would go onto the website "omegle.com".[2] and search specific terms that would direct him to chat rooms where child pornography was being exchanged. BULL also admitted that once he gained access to these chat groups, he would send and receive child pornography. When BULL received child pornography, he also downloaded the content to his phone. He also admitted that he has sent and received nude photos of teenage minors that he met on Snapchat. BULL

---

[2] Omegle is a free online chat website that allows users to socialize with others without the need to register. Omegle requires an internet connection to function. The service randomly pairs users in one-on-one chat sessions where they chat anonymously using the names "You" and "Stranger" or "Stranger 1" and "Stranger 2" in the case of Spy mode.

showed Haning a video on his purple iPhone of a pre-pubescent child under the age of 12 years old being sexually assaulted by an adult male.

19. During a search of BULL's cell phones, RCSO's Sergeant Buck uncovered multiple images and videos containing child pornography. The iPhone 11 contained the following videos:

a. 0:59 video of what appears to be an adult male penis fully penetrating the anus of a child estimated to be toddler-age.

b. 0:02 video of a male masturbating with a pre-pubescent female child in the background.

c. 0:02 video of a pre-pubescent female child. In the video the child's diaper is removed, exposing her vagina.

d. 0:06 video of a pre-pubescent female child, who appears to be the same child from Paragraph 19(c). In the video, the child's anus and genitals are exposed and a hand spreads apart the child's labia and her buttocks.

e. 0:08 video depicting the same content as Paragraph 19(d). The abuser's thumb is observed in this video as it manipulates the child's genitals. A high-quality image of the abuser's thumb was taken from the video and sent to HSI Forensic Laboratory along with BULL's fingerprint card. A Senior Fingerprint Specialist then identified that

the thumb impression in the video as matching the thumb impression of BULL from his fingerprint card. This recorded abuse had a time stamp of October 2, 2021, at 11:57pm and a location tag of BULL's residence, within the Cherokee Nation and Northern District of Oklahoma.

20. The children depicted in Paragraph 19(b)-(e) were identified as BULL's relatives. The children's mother, C.H., was shown sanitized photographs of the children in those videos, and she identified them as her children, M.H., born in 2015, and E.H., born in 2019. The child depicted in the videos in Paragraph 19(c)-(e) is believed to be E.H.. The child depicted in the video in Paragraph 19(b) is believed to be M.H. C.H. believed that the video taken in Paragraph 19(b) occurred at her apartment in Tahlequah, Oklahoma.

21. Through my training and experience, I know that Omegle is an internet-based application. For BULL to receive, download, upload, and/or distribute videos or images containing sexually explicit images of children with his cellphones, BULL would have used the internet to facilitate those actions, and therefore, it is reasonable to believe those videos and images would have traveled in or affecting interstate commerce through the internet.

22. Through open-source research and my training and experience, I know that Apple iPhones and Samsung Galaxy cellular phones are not manufactured in Oklahoma. Therefore, it is reasonable that BULL's Apple iPhones and Samsung

Galaxy cellular phone traveled in interstate or foreign commerce before arriving in Oklahoma.

## CONCLUSION

23. Based on the information set forth in this affidavit, I submit there is probable cause to believe that Brayden Kent BULL (DOB: \*\*/\*\*/1998) has violated 18 U.S.C. §§ 2252(a)(4)(A) & 2252(b)(2) (possession of child pornography in Indian country), 18 U.S.C. §§ 1151, 1153, & 2241(c) (aggravated sex abuse of a minor under 12 years of age in Indian country); and 18 U.S.C. §§ 2251(a) and 2251(e) (production of child pornography). It is therefore respectfully requested this Court issue a complaint and arrest warrant for Brayden Kent BULL.

_____
Dustin Carder
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me by phone on the 11th day of August, 2023.

_____
~~JODI F. JAYNE~~
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF OKLAHOMA

Paul J. Cleary
U.S. Magistrate Judge
333 W. 4th Street
Room 3355 U.S. Courthouse
Tulsa, OK 74103